FENNEMORE CRAIG, P.C.
Donald R. Gilbert (No. 003053)
Janice Procter-Murphy (No. 013078)
Kevin M. Green (No. 025506)
3003 North Central Avenue, Suite 2600
Phoenix, AZ  85012-2913
Telephone:  (602) 916-5000
Email:  dgilbert@fclaw.com
Email:  jpmurphy@fclaw.com
Email:  kgreen@fclaw.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Highway Technologies, Inc., a Massachusetts corporation,<br><br>Plaintiff,<br><br>v.<br><br>David Porter and Susan Porter, husband and wife; Rodd Jose and Barbara Jose, husband and wife; Sunline Contracting, L.L.C., an Arizona limited liability company,<br><br>Defendants. | No.  CV09-1305-PHX-DGC<br><br>**AMENDED TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE** |

This cause came before the Court on plaintiff Highway Technologies, Inc.'s ("HT" or the "Company") (1) Verified Complaint, (2) Application for Temporary Restraining Order and Motion for Preliminary Injunction, (3) the accompanying Affidavits of Shane Leonard and Scott Rehner and Declarations of Alison Chung and David Goltz, and (4) the exhibits attached thereto.  Having considered the foregoing documents and the Ceritificate of Counsel, and having heard the arguments of counsel, it appears to the Court that:

A. HT is a leading provider of comprehensive highway safety services and products and engages in the manufacture, rental, sale, and installation of temporary and permanent traffic control devices and equipment, and contractor supplies.  In addition, the Company bids for and works on highway construction projects, and pavement marking

1   contracts throughout the State of Arizona and expands its business through the acquisition
2   of competing businesses.

3   B.   Defendants David Porter ("Porter") and Rodd Jose ("Jose") served as
4   managing agents of HT's Phoenix Hub branch office (the "Southwest Hub"), the
5   Company's largest branch office.  In their respective positions as Hub Director and
6   Operations Manager for HT's Southwest Hub, Porter and Jose personified the Company
7   to its customers and employees, were entrusted with the power to enter into contracts on
8   HT's behalf, and enjoyed access to virtually all of HT's sensitive confidential, proprietary
9   information and trade secrets.

10  C.   Porter and Jose each entered into Agreements with the Company.  These
11  Agreements contained restrictive covenants (the "Covenants") that prohibit Porter and
12  Jose for a period of 24 months, within a 200-mile radius of any HT location where they
13  provided services while employed with the Company from:  (1) competing with HT; (2)
14  soliciting HT's customers; and (3) soliciting HT's employees.  In addition, Porter and Jose
15  each also agreed to keep confidential and not use or disclose HT's confidential,
16  proprietary information and trade secrets.

17  D.   Porter and Jose each received substantial, independent consideration for
18  entering into their respective Agreements and the Covenants contained therein.

19  E.   In view of Porter's and Jose's positions as highly trusted, managing agents
20  of HT's Southwest Hub, the Covenants are reasonable and enforceable.

21  F.   Trading on HT's confidential information and trade secrets and the goodwill
22  they developed during their employment with HT, Porter and Jose have breached the
23  terms of the Covenants contained in their Agreements as follows:

24  1.   Porter and Jose formed Sunline Contracting, LLC ("Sunline") for the
25  specific purpose of engaging in the business of pavement marking;

26  2.   Porter and Jose secured a contractor's license for Sunline to engage in
27  pavement marking work in the State of Arizona;

28  3.   On or about May 22, 2009, Sunline submitted a winning bid for pavement

marking work located in or around Safford, Arizona and won the work with a bid of approximately 2% less than the bid submitted by HT;

       4.     On June 4, 2009, Sunline purchased bid plans for pavement marking work on a public highway project; and

       5.     Porter and Jose are openly competing with HT in violation of their restrictive covenants.

       G.     Porter and Jose have breached their respective Agreements and their common law duty of loyalty by soliciting KFM Pavement and Striping Company, Inc. and other HT customers to divert business opportunities away from HT and in favor of their new business.

       H.     Porter and Jose have breached their respective Agreements and their common law of duty of loyalty by using HT's confidential and proprietary information and trade secrets to compete with HT.  In this regard, Porter and Jose have attached multiple peripheral memory storage devices ("Peripheral Devices") to their Company-issued computers, and using those Peripheral Devices, accessed HT's confidential and proprietary information and trade secrets, including without limitation: recent HT budget analyses; a confidential list of no fewer than 1,400 HT customers, contact information, and analysis of each customer's revenues; analysis of HT's rental revenues for a four-year period; and payroll information for HT's employees.

       I.     The Peripheral Devices attached to Porter's and Jose's HT-issued computers and storing HT's files include but are not limited to:  a Maxtor 160 GB portable hard drive with Serial Number 2HAPFQG3 (the "Maxtor"); an Ativa 2GB storage device with Serial Number 0E214470A201B9F1 (the "Ativa"); and a Sony portable memory storage device with Serial Number 2A07100305147 (the "Sony").

       J.     The last accessed date on the Maxtor has been deliberately altered such that its "last accessed date" shows a false date of March 19, 2004.  By this deliberate action, relevant evidence has been destroyed.

       K.     By engaging in the above-described actions, Porter and Jose have violated

1 not only the Covenants, but also their common law fiduciary duty of loyalty and have
2 misappropriated HT's trade secrets.

3     L.    By engaging in the above-described actions, among others, Defendants have
4 engaged in unfair competition.

5     M.    If Defendants are not immediately enjoined, HT will suffer immediate
6 irreparable harm and loss if Defendants are permitted to: (1) compete with HT; (2) solicit
7 or accept business from HT customers; (3) maintain, copy, use and/or disclose any of the
8 Company's confidential and proprietary information or trade secrets for their personal
9 benefit or the benefit of HT's competitors; and/or (4) solicit HT's employees.

10     N.    In view of their access to HT's confidential proprietary information and
11 customer goodwill, Porter and Jose threaten to undermine HT's business in the Southwest,
12 erode its customer goodwill and misuse HT's confidential information and trade secrets in
13 competition with HT. The Company, therefore, has no adequate remedy at law.

14     O.    The potential injury to Defendants from an injunction is outweighed by the
15 harm that would result to HT if a temporary restraining order does not issue.

16     P.    HT is likely to prevail on the merits of its claims for injunctive relief.

17     Q.    The public interest in enforcing contracts and protecting business's goodwill
18 and trade secrets would be served by a grant of the requested relief.

19     R.    The Court is issuing this temporary restraining because, if Defendants are
20 not immediately enjoined from competing against HT, soliciting the Company's
21 customers and employees, and misusing HT's confidential information and trade secrets,
22 there is a substantial likelihood that Defendants will irreparably harm HT by continuing to
23 solicit contracts for pavement marking and highway control work in competition with the
24 Company and trading on HT's customer goodwill, confidential, proprietary information
25 and trade secrets.

26     IT IS HEREBY ORDERED AND DECREED THAT:

27     A.    A temporary restraining order shall issue immediately. Defendants, their
28 agents, servants, employees, and attorneys, and those persons in active concert or

participation with them who receive actual notice of this order by personal service or otherwise, are hereby enjoined and restrained from directly or indirectly violating the Covenants in any manner.  In this regard:

      1.      Defendant David Porter is hereby enjoined from competing with HT in any pavement marking or traffic control business within a 200-mile radius of any Company location where he performed services, including:  Phoenix, Arizona; Flagstaff, Arizona; Tucson, Arizona; Fort Mohave, Arizona; Prescott, Arizona; St. George, Utah; Las Vegas, Nevada; Oxnard, California; Lake Elsinore, California; Ventura, California; and San Jose, California;

      2.      Defendant Rodd Jose is hereby enjoined from competing with HT in any pavement marking business within a 200-mile radius of Phoenix, Arizona;

      3.      Defendants are enjoined on their own behalf or on behalf of any other person or entity, from soliciting or accepting business from the HT customers identified in **Exhibit A** filed separately under seal; Defendants are expressly enjoined from disclosing the contents of Exhibit A to any person or entity other than their legal counsel unless or until a protective order is entered modifying this Order;

      4.      Defendants are enjoined on their own behalf or on behalf of any other person or entity, from soliciting for employment any HT employee;

      5.      Defendants are enjoined from using and/or disclosing in any fashion, any of HT's confidential information, including:  (a) customer and customer contact lists; (b) customer financial analyses; (c) financial worksheets and profit and cost analyses; and (d) bid information and/or documentation.

    B.      Defendants shall not disclose the information contained in Exhibit A.

    C.      Porter and Jose are further ordered to immediately return to counsel for HT any and all of HT's property, confidential information, and/or trade secrets whether in hard copy or electronic form, remaining in their possession, including but not limited to (a) HT customer and contact lists, (b) customer financial analyses, (c) any and all financial worksheets and profit and cost analyses, and (d) bid information and/or documentation.

FENNEMORE CRAIG
PROFESSIONAL CORPORATION
PHOENIX

1  All such information and property shall be delivered to counsel for HT not later than 5:00
2  p.m. on the third business day after receiving notice of the Order.

3    D. Defendants are further ordered to deliver to counsel for HT without further
4  using or altering any of the following: (a) any and all portable media storage devices
5  attached to their HT-issued computers at any time during or after their employment with
6  HT; (b) the Ativa U3 Smart 2GB peripheral device with serial number
7  0E214470A201B9F1 (the "Ativa"); (c) the Sony peripheral device with serial number
8  2A07100305147&0 (the "Sony"). All such information and property shall be delivered to
9  counsel for HT not later than 5:00 p.m. on the third business day after receiving notice of
10 the Order.

11   E. Porter and Jose are further ordered to deliver to counsel for HT without
12 further using or altering any computer attached to the Maxtor at any time during or after
13 their employment with HT. All such information and property shall be delivered to
14 counsel for HT not later than 5:00 p.m. on the third business day after receiving notice of
15 the Order.

16   F. This order shall become effective upon the issuance of a bond, in the
17 amount of $\_\_\_\_\_, for the payment of such costs and damages as may be incurred or
18 suffered by any party who is found to have been wrongfully enjoined or restrained.

19   F. Defendants shall appear in Room \_\_\_, before the Honorable _____,
20 United States District Court Judge on _____, 2009 at \_\_\_\_ o'clock \_\_.m. to show cause
21 why a preliminary injunction should not issue in this case.

22  DATED this \_\_\_ day of _____, 2009 at \_\_\_\_ o'clock \_\_.m.

23
24
25                _____
26
27
28

1
2
3
4
5
6   # EXHIBIT A
7
8
9
10
11
12  # FILED UNDER SEAL WITH MOTION TO FILE UNDER SEAL
13
2208949.1/26881.003
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

FENNEMORE CRAIG
PROFESSIONAL CORPORATION
PHOENIX